UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAMEION DOUGLAS,

    Plaintiff,

v.

OREGONIAN PUBLISHING CO.,
JOURNALIST STUART
TOMLISON, JOURNALIST ANN
SAKER, OFFICER SCOTT THRAN,
JOHN DOE,

    Defendants.

Case No. 3:11-cv-00783-AA

OPINION AND ORDER

AIKEN, District Judge:

Plaintiff, an inmate at Oregon State Penitentiary appearing pro se, filed suit against the Oregonian Publishing Co., journalists Stuart Tomlinson and Anne Saker (collectively, the Oregonian defendants),[1] and Lake Oswego Police Sgt. Scott Thran under 42 U.S.C. § 1983. Plaintiff alleges that defendants defamed plaintiff and caused injury to his reputation and constitutional rights when they colluded to republish an article attributing a false statement to

---

[1] The Oregonian defendants clarified the correct spelling of the journalists' names.

1 - OPINION AND ORDER

plaintiff. The Oregonian defendants now move for dismissal or summary judgment with respect to the claims against them. The motion is granted.

BACKGROUND

Plaintiff and co-defendants Marcus Orozco and Jeremy Pomerenke were charged with murder, robbery, burglary, and other crimes relating to a shooting on February 12, 2001. Daniels Decl. Ex. 4 at 16-19 (ECF No. 41). Plaintiff's claims in this action arise from a statement the Oregonian republished in a 2010 article about the legal proceedings against Orozco.

Specifically, plaintiff alleges, "On or about June 24th, 2010, the Oregonian published a 2 page article on the web page www.oregonlive.com titled: 'Portland man sentenced to 20 years for Lake Oswego drug murder.'" Third Am. Compl. at 11 (ECF No. 26). The article, written by Tomlinson, reported that Joshua Lane Toomey "was shot to death in his brother's apartment in the Mountain Park neighborhood during a February 2001 drug deal." Third Am. Compl. Ex. 1. The article also stated that during Orozco's 2007 bail hearing "Lake Oswego Sgt. Scott Thran testified [that]…Douglas, Pomerenke and Orozco planned to rob Toomey on the pretext of a marijuana buy." *Id.* Ex. 2. The article then republishes a statement from a 2007 article that is the basis of plaintiff's claims: "But Douglas told police later that when Toomey opened the door, Orozco suddenly shot him in the chest." *Id.* This statement appeared only on the oregonlive.com website and not in the article published in the newspaper. *Id.* Ex. 3.

The original 2007 article, written by defendant Saker, related to a bail hearing for Orozco and contained the same allegedly defamatory statement that appeared in the 2010 article: "But Douglas told police later that when Toomey opened the door, Orozco suddenly shot him in the chest." Third Am. Compl. Ex. 4.

In 2007, plaintiff filed a federal action against the Oregonian Publishing Co., Anne Saker, and Sgt. Thran, alleging the same claims he alleges in this action. *Douglas v. Oregonian Pub. Co.*, Civ. No. 6:07-cv-01811-AA. On January 24, 2008, I dismissed the complaint for failure to state a claim and allowed plaintiff leave to file an amended complaint. Plaintiff filed an amended complaint and on April 22, 2008, I dismissed plaintiff's federal claims for failure to state a claim and dismissed plaintiff's supplemental state law claim without prejudice. Plaintiff appealed to the Ninth Circuit.

In June 2011, plaintiff brought the instant action and also filed suit in state court against the defendants. Similar to the allegations in his federal actions, plaintiff's state court complaint alleged:

> On or about June 24th, 2010, the Oregonian published a 2 page article on the web page www.oregonlive.com titled: 'Portland man sentenced to 20 years for Lake Oswego drug murder.' The defamatory dangerous lies I'm suing for appears at the bottom of the second page at the beginning of the last paragraph (exhibit 1-2): "But Douglas told police later that when Toomey opened the door, Orozco suddenly shot him in the chest."

Daniels Decl. Ex. 3 at 3.

On January 11, 2012, the Ninth Circuit affirmed dismissal of plaintiff's federal claims against the Oregonian and Saker in No. 6:07-cv-01811-AA, because he "failed to allege that they acted under color of state law." *Douglas v. Oregonian Pub. Co.*, 465 Fed. Appx. 714 (9th Cir. 2012). The Ninth Circuit specifically found that plaintiff's allegations were insufficient to show the Oregonian defendants were "joint actors with the state." *Id.* However, the Ninth Circuit remanded with respect to plaintiff's claim against Sgt. Thran, finding that the officer's alleged action in "falsely labeling him a 'snitch'...sufficiently alleges a Fourteen Amendment violation of his right to safety while in custody." *Id.*

On March 2, 2012, the state trial court entered a Limited Judgment dismissing plaintiff's state court action against the Oregonian defendants. Daniels Decl. Exs. 6 and 7. On April 5, 2012, plaintiff appealed the dismissal to the Oregon Court of Appeals and on June 14, 2012, the Court of Appeals issued an Appellate Judgment dismissing the appeal "for want of prosecution." *Id.* ¶ 10 & Ex. 8.

On September 30, 2014, I stayed this action and No. 6:07-cv-01811-AA pending developments in plaintiff's state court appeal. ECF No. 57. On October 20, 2016, I lifted the stay in this case and ordered plaintiff to respond to the Oregonian defendants' motion to dismiss.

Recently, the Oregon Supreme Court rejected plaintiff's attempts to seek review of the Oregon Court of Appeals' decision in his state court case.

## DISCUSSION

Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985. In essence, plaintiff alleges that the Oregonian defendants and Sgt. Thran colluded to republish the statement, "But Douglas told police later that when Toomey opened the door, Orozco suddenly shot him in the chest." Plaintiff does not dispute the statement that Orozco shot Toomey; rather, he disputes that he told police about the shooting. Plaintiff maintains that the article falsely labeled him as a "snitch" and injured plaintiff's reputation and placed him at risk of harm in prison.

The Oregonian defendants move for dismissal of plaintiff's claims against them, or alternatively, for summary judgment. The Oregonian defendants maintain that plaintiff's allegations fail to sufficiently allege "joint action" or a conspiracy between them and Sgt. Thran to support liability under 42 U.S.C. §§ 1983 and 1985. I agree.[2]

---

[2] Defendants also argue that plaintiff's claims should be dismissed for failing to timely serve defendants and on grounds of claim preclusion. I do not address these arguments.

4 - OPINION AND ORDER

When reviewing a motion dismiss under Fed. R. Civ. P. 12(b)(6), the court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, the court need not accept "conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *see also Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("the petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor"). Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (the district court may dismiss a pro se complaint for failure to state a claim "if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Oregonian defendants are private individuals and ordinarily not subject to liability under § 1983. Consequently, plaintiff must set forth plausible allegations of a conspiracy or joint action with a state actor to hold the Oregonian defendants liable. *See Franklin v. Fox,* 312 F.3d 423, 441, 444 (9th Cir. 2002); *Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1209 (9th Cir. 2002) (explaining that a plaintiff "must sufficiently plead that the Media engaged in state action" to establish § 1983 liability against a newspaper and its reporter). Plaintiff fails to do so. Plaintiff simply alleges that Tomlinson and Saker reported about a statement plaintiff made to police officers; plaintiff then asserts the conclusory allegation that Tomlinson, Saker,

5 - OPINION AND ORDER

and Sgt. Thran entered into a "meeting of the minds" to republish the allegedly false statement in order to defame plaintiff. Third Am. Compl. at 11, 14, 16. Plaintiff concedes that he relies on "circumstantial evidence" of Sgt. Thran's alleged threat to tell plaintiff's co-defendants that plaintiff "sang like a bird," along with evidence of the Oregonian's allegedly incomplete reporting of his co-defendants' actions. Pl.'s Response at 4 (ECF No. 76). Aside from speculation and conclusory allegations, plaintiff does not allege any facts plausibly indicating that the Oregonian defendants entered into a conspiracy or other collusive action with Sgt. Thran.

At most, plaintiff's allegations suggest that the Oregonian defendants relied on the statements of police officers when reporting a story about Toomey's shooting; such conduct does not give rise to a cause of action under § 1983. In fact, the Ninth Circuit specifically found, "The district court properly dismissed Douglas's claims against the private defendant who published allegedly defamatory statements about Douglas because he failed to allege that they acted under color of state law as joint actor with the state or under state compulsion." *Douglas v. Oregonian Publishing Co.*, Case No. 6:07-cv-01811-AA (ECF No. 31) (Memorandum Opinion).

In sum, plaintiff's conclusory allegations simply do not suggest the type of joint action or conspiracy that would render the Oregonian defendants' actions under "color of law" for purposes of § 1983 liability. *Price v. Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991) (conclusory allegations of conspiracy do not satisfy joint action test). For the same reasons, plaintiff fails to allege a plausible conspiracy to support a claim under § 1985. *See Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (dismissal of § 1985 claim was warranted where the plaintiff "failed to allege sufficiently that the appellees conspired to violate her civil rights").

Further, I am not inclined to exercise supplemental jurisdiction over plaintiff's state law claims against the Oregonian defendants. *See* 28 U.S.C. § 1367(c).

Finally, even though Sgt. Thran does not move for dismissal or summary judgment, the court finds that plaintiff's insufficient allegations likely preclude the claims against him as well. Plaintiff's allegations against Sgt. Thran, like those against the Oregonian defendants, are premised on collusion between Sgt. Thran and the Oregonian defendants to republish the statement at issue. Without joint action between Sgt. Thran and the Oregonian defendants, plaintiff must allege that Sgt. Thran himself made a defamatory statement against plaintiff that deprived him of a protected liberty or property interest. However, plaintiff makes no such allegation; in fact, plaintiff maintains that Sgt. Thran never uttered the alleged false and defamatory statement included in the 2007 and 2010 articles. Third Am. Compl. Ex. 5. Accordingly, plaintiff must show cause why his claim against Sgt. Thran should not be dismissed.

## CONCLUSION

Defendants' Motion to Dismiss and for Summary Judgment (doc. 40) is GRANTED. All claims against Oregonian Publishing Co., Stuart Tomlinson, and Anne Saker are HEREBY DISMISSED. Within 30 days from the date of this Order, plaintiff shall show cause why his federal claims against Sgt. Thran should not be dismissed for failure to state a claim. Plaintiff is advised that the failure to do so will result in dismissal of this action.

IT IS SO ORDERED.

DATED this 25th day of September, 2017.

_____
Ann Aiken
United States District Judge